THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| **MICHAEL FORTENBERRY** | * | **CIVIL ACTION NO. 06-0022** |
| **Versus** | * | **JUDGE JAMES** |
| **HERSHEL SERVATIUS, ET AL** | * | **MAGISTRATE JUDGE HAYES** |

## MEMORANDUM RULING

Before the undersigned magistrate Judge, on reference from the District Court, is a Motion to Remand[1] filed by Plaintiff, Michael Fortenberry ("Fortenberry") (Doc. #11). After review of the law and the evidence submitted by each side, for the reasons stated below, the undersigned finds that jurisdiction in this court is proper. Plaintiff's Motion to Remand is therefore **DENIED.**

## STATEMENT OF FACTS

Fortenberry filed suit against Defendants on November 23, 2005, in the Sixth Judicial District Court for the Parish of Madison, State of Louisiana, seeking damages that resulted from a motor vehicle accident which occurred on December 2, 2004.

On January 3, 2006, Defendants removed the case to this Court, basing jurisdiction on a claim that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Plaintiff filed the instant motion

---

[1]As this is not one of the motions excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this court. Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

claiming that complete diversity of citizenship has not been established and the amount in controversy does not exceed $75,000. Defendants oppose the motion.

## LAW AND ANALYSIS

Subject matter jurisdiction in this case is premised on 28 U.S.C. § 1332(a)(1), "(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between — (1) citizens of different States."

<u>Diversity of Citizenship</u>

"A case falls within the federal district court's 'original' diversity 'jurisdiction' only if diversity of citizenship among the parties is complete, *i.e.*, only if there is no plaintiff and no defendant who are citizens of the same State." *Wisconsin Dept. of Corrections v. Schacht*, 524 U.S. 381, 388, 118 S.Ct. 2047, 2052, 141 L.Ed.2d 364 (1998). Plaintiff claims that Defendants have not established complete diversity of citizenship in their Notice of Removal. The Notice of Removal states that defendant, Hershel E. Servatius ("Servatius"), is a "resident" of the State of Texas, but the notice fails to state Servatius's citizenship. Defendants filed a Motion to Amend the Notice of Removal clarifying that Servatius is a citizen, as well as a resident, of the State of Texas. Defendants' Motion to Amend was unopposed, and the undersigned previously granted it; therefore, the Motion to Remand on the basis that the defendants failed to show complete diversity of citizenship is **DENIED**.

<u>Amount in Controversy</u>

A removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000 by either (1) demonstrating that it is facially apparent that the

2

claims are likely above $75,000 or (2) setting forth the specific facts in controversy that support a finding of the jurisdictional amount. *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999); *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999).

When removing a case to federal court, the removing party bears the burden of showing that federal jurisdiction exists and that removal is proper. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). Any jurisdictional determination is based on the claims in the state court petition as they existed at the time of removal, *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995).

In accordance with state law,[2] Plaintiff did not specify the numerical value of his damage claims, and the jurisdictional amount is not otherwise " facially apparent" from the complaint. *Simon*, 193 F.3d at 850. However, in their Notice of Removal, Defendants have set forth sufficient facts to establish that the amount in controversy is met for the basis of jurisdiction.

On December 2, 2004, a vehicle driven by Servatius collided with a vehicle that was owned by Fortenberry. In the original complaint, Fortenberry alleged that he sustained damages including property damage, loss of use, mental anguish, and economic losses as a result of Defendants' fault and negligence. Fortenberry also requested costs and attorney fees associated with filing suit. With their Notice of Removal, Defendants filed documentation showing that the property damage sustained amounted to $35,745.18 and that Fortenberry was alleging loss of use damages of $460.00 per weekday and $320.00 per Saturday. Using the Plaintiff's numbers, the alleged total for loss of use from the date of the accident to December 31, 2005 is approximately

---

[2] La.Code Civ.P. art. 893.

$128,800.00.

In his Motion to Remand, Fortenberry claims that the amount in controversy does not exceed $75,000.00 because the actual cash value of the truck is $12,600.00 and the claims for loss of use, storage, and attorney fees are contentious.

Because this Court judges removal at the time thereof, Plaintiff's subsequent attempt to limit recovery does not override his earlier demands. In addition, the fact that the claims for loss of use, storage, and attorney fees may be contentious does not mean that those amounts are not in controversy. This Court finds that Defendants have met their burden of proving that the amount in controversy at the time of the removal exceeded the jurisdictional amount; therefore, jurisdiction is proper and Plaintiffs' Motion to Remand (Doc. #11) is **DENIED.**

**THUS DONE AND SIGNED** this 14th Day of March, 2006, in Monroe, Louisiana.

_____
KAREN L. HAYES
U. S. MAGISTRATE JUDGE